STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

FILED
March 24, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**LOWE'S HOME CENTERS, INC.,**
**Employer Below, Petitioner**

**vs.)   No. 15-0070** (BOR Appeal No. 2049612)
(Claim No. 2014010225)

**LESLIE BENEDUM,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Lowe's Home Centers, Inc., by James W. Heslep, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Leslie Benedum, by Robert L. Stultz, his attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated December 23, 2014, in which the Board affirmed a June 19, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's October 30, 2013, decision to reject the claim. The Office of Judges held the claim compensable for right knee internal derangement. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Benedum, a sign coordinator for Lowe's Home Centers, Inc., injured his right knee when he stood up after kneeling to change price tags on September 30, 2013. Mr. Benedum was examined at St. Joseph's Hospital and diagnosed with a right knee internal derangement. It was opined the injury was an occupational injury. Mr. Benedum was instructed to remain off work. On October 3, 2013, a report from James J. Kim, M.D., was issued. It indicated that Mr. Benedum was being treated for right knee pain. He explained that Mr. Benedum was kneeling down at work, and upon standing he felt something pull in the right knee causing him pain. He

1

stated that he has been feeling pain in every step since then and is using crutches to walk. He also could not recall any other injury to the knee that occurred recently. An x-ray of the knee revealed no significant findings in the joint itself; however, it did reveal degenerative changes with osteophyte formations in the proximal tibiofibular syndesmosis. The assessment was degenerative joint disease and proximal tibiofibular syndesmosis. The plan called for Mr. Benedum to receive an injection for pain relief.

Thereafter, on November 21, 2013, Mr. Benedum reported to the emergency room at St. Joseph's Hospital. The records indicated he was being examined for right knee pain. An x-ray of the right knee revealed no acute fracture or dislocation; however, it did show degenerative changes in all three compartments of the right knee. The impression was right knee pain. Mr. Benedum was placed in an immobilizer, instructed to rest and ice it, and prescribed anti-inflammatory and pain medications. The claims administrator denied the claim on October 30, 2013, because it determined that the injury was not caused by a definite, isolated, and fortuitous occurrence. Mr. Benedum protested.

On January 13, 2014, Peter J. Alasky, M.D., issued a report. Dr. Alasky's impression was right knee pain, right knee mild arthritis of the patellofemoral joint, and right knee internal derangement. The plan called for Mr. Benedum to undergo an MRI to further evaluate the pain and afterwards for him to return for follow-up. He was instructed to continue the work restrictions. On March 14, 2014, Mr. Benedum was deposed. He testified that he was injured while kneeling to change the price tags on certain pieces of inventory. After he changed one tag, he started to stand back up and felt a very sharp pain in his right knee. He thought it might have just been a pulled muscle. However when he started to walk on it, the pain increased. He also testified that he has never experienced pain like this in the right knee before and has not had any problems with his left knee. Mr. Benedum testified that changing price tags was a specific duty of his employment.

The Office of Judges found that Mr. Benedum suffered an injury in the course of and as a result of his employment. The Office of Judges recognized that Lowe's Home Centers, Inc., made no argument refuting that Mr. Benedum sustained a personal injury or that such injury occurred in the course of employment. It noted that all Lowe's Home Centers, Inc., was disputing was whether the injury resulted from Mr. Benedum's employment. The Office of Judges found that Mr. Benedum sustained his injury while in the performance of a duty specific to his employment. The Office of Judges further found that Mr. Benedum's testimony shows that he has to change price tags every day at work. The Office of Judges also recognized that St. Joseph's Hospital diagnosed him with occupationally related right knee internal derangement directly after the injury. Furthermore, it supported its decision by pointing out that Dr. Alasky believed it was a workers' compensation injury. The Office of Judges acknowledged that Mr. Benedum has mild arthritis and degenerative joint disease but noted that he never sought medical treatment for these conditions and that his knees never bothered him before the accident. The Office of Judges opined that the record of evidence established that the performance of Mr. Benedum's job required his bending down and kneeling on the floor in order to place price tags in the appropriate place; thus, he was placed at a risk which was reasonably incidental to his

employment. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the consistent decisions of the Office of Judges and Board of Review. It is undisputed by the litigants that Mr. Benedum suffered a personal injury at work. The only remaining issue is whether the injury was the result of his employment. The Office of Judges determined that his injury was the result of his employment because he did not have previous knee problems, he was diagnosed after the injury with occupationally related internal derangement of the knee, and his testimony supported a finding of compensability. The Office of Judges found that he was changing price tags, which is a job he is normally required to do. Replacing price tags required Mr. Benedum to go from a standing positon to a crouched position, presumably many times per day. This eventually caused his injury. Because Mr. Benedum has established all of the elements of compensability, it was not in error for the Office of Judges and Board of Review to find that the injury was compensable.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  March 24, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II